IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 12-cv-01271-MSK

COUNTRY MUTUAL INSURANCE COMPANY, as subrogee of Lisa Bornstein,

    Plaintiff,

v.

LAMIC CO, LTD, and
SUNPENTOWN INTERNATIONAL, INC.,

    Defendants.

## ORDER REMANDING CASE

THIS MATTER comes before the Court *sua sponte*.

The Plaintiff commenced this action in the District Court for the City and County of Denver, Colorado, asserting claims for product defect. The Plaintiff's insured suffered losses as a result of a fire allegedly caused by a defective evaporative cooler. The Plaintiff paid the insured's losses and now seeks recovery against the Defendants.

Defendant Sunpentown International, Inc., ("Sunpentown") has sought removal based upon diversity jurisdiction pursuant to 28 U.S.C.§ 1332. As the party seeking to invoke this Court's jurisdiction, Sunpentown has the burden to establish that diversity jurisdiction exists, *i.e.*, that the parties are citizens of different states or of this State and a foreign state. *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1271 (10th Cir.1998). All three of the parties are business entities. For the purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or

1

foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).[1]

To show diversity of the parties, Sunpentown relies on the allegations in the Complaint. According to the Complaint, Sunpentown is a foreign corporation with a principal place of business in California. Similarly, Lamic Co., LTD, is alleged to be a foreign corporation with a principal place of business in Hong Kong. The allegations therefore sufficiently establish that the Defendants are not citizens of Colorado. However, the Complaint contains no alleged facts that would show the citizenship of the Plaintiff. The Complaint alleges only that the Plaintiff is an insurance company licensed to do business in Colorado. No further facts regarding the Plaintiff's citizenship are alleged in the Complaint or in the Notice of Removal. This does not establish Plaintiff's citizenship as defined by section 1332(c)(1). In the absence of facts

---

[1] Section 1332(c)(1) further provides that "in any direct action against the insurer of a policy or contract of liability insurance . . . to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of . . . every State and foreign state of which the insured is a citizen." *Id*. This latter provision is inapplicable, however, because the insurer here is a plaintiff, not a defendant.

sufficient to establish the parties are completely diverse, jurisdiction is lacking and the case must be remanded.

**IT IS THEREFORE ORDERED** that pursuant to 28 U.S.C. § 1447(c) this action is **REMANDED** to the District Court from which it was removed.

Dated this 24th day of May, 2012

BY THE COURT:

Marcia S. Krieger
United States District Judge